UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY T. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-1098-CDP |
| | ) | |
| PAT SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Stanley T. Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the petition, the Court will order respondent to file a brief within forty-five days of the date of this Order, advising the Court as to whether it should order the instant petition stayed and held in abeyance pending final disposition of petitioner's state-court action concerning the reopening of his Rule 29.15 proceeding.

**The petition**

Petitioner, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner states that, following a jury trial, he was convicted in the St. Louis County Circuit Court of first

degree burglary, first degree assault, armed criminal action, and violation of an order of protection. He was sentenced on December 5, 2003. The Missouri Court of Appeals affirmed the judgment on November 2, 2004. Thereafter, petitioner filed a Rule 29.15 motion for post-conviction relief with the trial court. The motion was denied on August 9, 2005, and the Missouri Court of Appeals affirmed the decision on April 11, 2006. Petitioner states that he presently has a petition or appeal now pending in state court relative to the "reopening [of his 29.15] proceedings due to fraud and abandonment for filing a patently defective motion."

Because petitioner states that he is pursuing relief in Missouri state courts, and it does not appear to the Court that the action petitioner is pursuing in state court would toll the AEDPA's one-year statute of limitations in which to bring a federal habeas corpus action,[1] the Court believes it should stay the instant habeas petition and hold it in abeyance, conditioned upon petitioner's reasonable pursuance of his state-court remedy and his

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus. The one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

return to this Court within thirty (30) days of completing said state action. Before entering such an order, however, the Court will instruct respondent to file a brief within forty-five days, advising the Court as to whether it believes the Court should enter such a stay and abey order.

Therefore,

**IT IS HEREBY ORDERED** respondent shall file a brief within forty-five days of the date of this Order, advising the Court as to whether it should order the instant petition stayed and held in abeyance pending final disposition of petitioner's state-court action concerning the reopening of his Rule 29.15 proceeding.

Dated this 10th day of August, 2007.

_____
**UNITED STATES DISTRICT JUDGE**