UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STANLEY T. JOHNSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:07CV1098 CDP |
| PAT SMITH,[1] | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on the Court's own motion. On August 10, 2007, I ordered the respondent to file a brief advising me whether the petition should be stayed and held in abeyance pending final disposition of Johnson's state-court action concerning the reopening of his Rule 29.15 proceeding. Johnson's petition contains both exhausted and unexhausted claims, and he has sought to reopen his post-conviction case in order to add the unexhausted claims in that case. Johnson's motion to reopen his state proceeding alleged fraud and abandonment. On September 24, 2007, Respondent filed her brief, urging me to deny a stay in this case. Although Johnson was granted an extension of time in which to file a

---

[1] It has come to the Court's attention that Pat Smith retired from her position as warden and superintendent of ERDCC in November 2007. This Court has reason to believe that Steve Larkins is now the Warden at ERDCC. Therefore, the Court requests that the Missouri Attorney General's office confirm this information, and Smith's name will be replaced as the respondent in this case as soon as the court has confirmation.

reply to respondent's response, he did not file any reply in this matter. Because there is no plausible argument that Johnson has an available state remedy on his unexhausted claims, I will not order a stay in this case.

Discussion

Johnson's habeas petition contains both exhausted and unexhausted claims. Johnson's motion for post-conviction relief under Missouri Supreme Court Rule 29.15 was denied on August 9, 2005. On April 30, 2007, Johnson filed a motion to reopen his Rule 29.15 proceedings, alleging fraud and abandonment. On May 9, 2007, the circuit court denied his motion to reopen in a very short opinion. Johnson has now appealed that denial, and his appeal remains pending.

The issue before me now is whether I should exercise the discretion given me by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). Even before I reach the Rhines factors, I must determine whether three prerequisites exist. See Roberts v. Norris, 2007 WL 4353423, at *19 (E.D. Ark. Dec. 13, 2007). These prerequisites are: (1) the federal habeas petition was timely when filed, (2) the federal habeas petition presents at least one federal claim that has been exhausted, and (3) there is a plausible argument that the petitioner has an available state remedy. Id. The third prerequisite is the only one at issue in this case and is important because a stay in such a situation would be a "waste of time" and would

be "obviously contrary to the primary goal of the Antiterrorism and Effective Death Penalty Act of 1996." Id.

In this case, there is no plausible argument that Johnson has an available state remedy. In this case, Johnson alleges "fraud and abandonment" of post-conviction counsel as good cause for reopening his Rule 29.15 proceeding. Under Missouri law, the trial court only retained jurisdiction to reopen the judgment in this case for thirty days after the entry of the judgment. See Rasche v. State, 231 S.W.3d 273, 274 (Mo. Ct. App. 2007). Missouri courts have recognized the possibility of a narrow exception to this rule to allow reopening of a timely filed Rule 29.15 motion when there was abandonment by post-conviction counsel. Id. No such exception has been found for claims of fraud. Johnson did not move to reopen his Rule 29.15 proceeding until more than a year had passed from the date of the judgment. Therefore, in determining whether Johnson has a plausible argument that he has an available state remedy, the only issue is whether he has a claim for abandonment.

Under Missouri law, claims of abandonment by post-conviction counsel are limited to two circumstances: "(1) where counsel fails to take any action with respect to filing an amended motion and the movant is thereby deprived of a meaningful review of his claims; and (2) where counsel fails to file a timely

amended motion despite being aware of the need to do so." Barnett v. State, 103 S.W.3d 765, 774 (Mo. banc. 2003). Missouri courts have "consistently refused to expand the scope of abandonment." Simmons v. State, 2007 WL 2766646, at *3 (Mo. Ct. App. September 25, 2007). Some Missouri courts have recognized abandonment where the counsel's motion was "so patently defective that it amounted to a 'nullity.'" See Id. at *4. This additional circumstance no longer appears to be a basis for abandonment claims because the Missouri Supreme Court has explicitly limited abandonment claims to the two circumstances listed above and refused to find a third category of abandonment where post-conviction counsel's behavior constituted "materially incomplete action." Barnett, 103 S.W.3d at 773.

Missouri courts have uniformly held that claims that post-conviction counsel was ineffective are "categorically unreviewable." Simmons, 2007 WL at *4. Where the record indicates that appointed counsel made a choice not to amend the motion, Missouri courts will not find abandonment. See Shirley v. State, 117 S.W.3d 187, 189 (Mo. Ct. App. 2003); see also Moore v. State, 934 S.W.2d 289, 292 (Mo. banc. 1996). In this case, Johnson admits that his post-conviction counsel timely filed an amended Rule 29.15 motion on June 1, 2005. Additionally, the record on Johnson's appeal includes a letter from his post-

conviction counsel stating that she chose not to alter his claim substantially based on her legal knowledge and expertise. Therefore, Johnson has not met the Missouri exception and there is no plausible argument that the Missouri courts will allow him to reopen his Rule 29.15 proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that this case shall not be stayed pending the appeal of petitioners' motion to reopen and a separate case management order will be entered this same day.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2008.